# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0353
Lower Tribunal No. J22-1306A
_____

**T.W., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Orlando A. Prescott, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Affirmed. See C.E.L. v. State, 24 So. 3d 1181, 1186 (Fla. 2009) ("[W]hether an officer's well-founded suspicion is reasonable is determined by the totality of the circumstances that existed at the time of the investigatory stop and is based solely on facts known to the officer before the stop. If the facts support a conclusion that the officers had reasonable suspicion to detain an individual at the point when the individual is ordered to stop, the next inquiry is whether a fact-finder could find that the individual's acts constituted obstruction or resistance without violence of the officers' execution of their legal duty.") (internal citations omitted); Hunter v. State, 660 So. 2d 244, 249 (Fla. 1995) (relevant factors in assessing the reasonableness of a stop pursuant to a police-issued Be On the Look Out (BOLO) include: "(1) the length of time and distance from the offense; (2) route of flight; (3) specificity of the description of the vehicle and its occupants; and (4) the source of the BOLO information.")